United States District Court
Southern District of Texas
**ENTERED**
August 26, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| JESUS ADRIAN GARCIA, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00062 |
| | § | |
| SHELL OFFSHORE INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Defendant Shell Offshore Inc. has requested an independent medical evaluation ("IME") of Plaintiff Jesus Adrian Garcia. *See* Dkt. 47. Garcia opposes Shell's efforts to conduct an IME, arguing that the request is untimely.

A district court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Such an order "may be made only on motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(2)(A). "[T]he decision on whether to order an IME is left to the sound discretion of the district court." *Griffith v. Santillan*, No. 3:19-cv-00053, 2019 WL 5396750, at *1 (S.D. Tex. Oct. 21, 2019).

Because Garcia seeks monetary damages for "severe and disabling injuries" he allegedly sustained while working on Shell's platform, there is no dispute that Garcia's physical condition is in controversy. Dkt. 7 at 3. Garcia complains that Shell simply waited too long to ask for an IME.

An IME is a discovery tool that a defendant uses to gather facts about a plaintiff's condition in advance of trial. As such, an IME is subject to the court's discovery deadlines. *See Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 418 (S.D. Tex. 2012). I issued a docket control order that set an April 11, 2025 deadline for Shell to designate experts and a June 13, 2025 discovery deadline. *See* Dkt. 18 at 1–2. By agreement, the parties extended Shell's expert designation deadline to June 11, 2025, and the discovery deadline until July 13, 2025. *See* Dkt. 47 at 2. Shell timely produced

an expert report from Dr. David Wimberley by the June 11, 2025 expert deadline. Shell did not, however, request an IME before providing Dr. Wimberley's report or, for that matter, at any time during the discovery period. The first time Shell reached out to Garcia to request an IME was on July 31, 2025, two weeks after discovery had concluded. Shell then waited two additional weeks—until August 15, 2025—to seek court intervention to order an IME. Pre-trial submissions are due October 3, 2025. Docket call is set for October 20, 2025.

Given that Garcia's physical condition is a central issue in this case, there is no question that I would have allowed Shell to conduct an IME had such a request been made during the discovery period. At this late date, however, Shell can conduct an IME only if I agree to extend the discovery deadline.

I may extend the discovery deadline "only for good cause." Fed. R. Civ. P. 16(b)(4). The Fifth Circuit applies a four-part balancing test to determine whether good cause exists: (1) the explanation for the failure to adhere to the deadline; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice in allowing the testimony or the supplement; and (4) the availability of a continuance to cure such prejudice. *See Newsome v. Int'l Paper Co.*, 123 F.4th 754, 766 (5th Cir. 2024).

As to the first factor, Shell has failed to provide a compelling explanation for its failure to adhere to the court-ordered discovery deadline. Shell had more than a year to request an IME. For whatever reason, it waited until after the discovery deadline to first raise the possibility of conducting an IME. This factor, which I have previously described as the "most important factor," tilts toward not allowing an extension of the discovery deadline. *Brinkley v. Timco Logistics Sys., LLC*, No. 3:22-cv-00098, 2023 WL 2586307, at *2 (S.D. Tex. Mar. 21, 2023) (quotation omitted).

The second factor requires me to assess the importance of the modification to the docket control order. Without knowing the results of the IME, it is difficult to ascertain the IME's importance. But the fact that Shell waited so long to request an IME suggests it did not view an IME as critically important. Along those lines, Shell's expert, Dr. Wimberley, certainly thought he could—and did—provide an expert report

without conducting an IME. Accordingly, the second prong weighs against modifying the docket control order.

The third factor weighs the prejudice Garcia may face should I grant Shell's requested relief. That prejudice is significant. If I modify the discovery deadline to allow an IME, the following chain of events would likely unfold: Dr. Wimberley would examine Garcia, Dr. Wimberley would amend his expert report, Garcia would be entitled to depose Dr. Wimberley about the IME and any revisions to his expert report, Garcia's expert would then be permitted to amend his expert report in response to Dr. Wimberley's revised expert report, and Shell would be allowed to take Garcia's expert deposition to discuss his amended expert report. We are less than two months from docket call. Extending the discovery deadline at this late date to allow an IME will prejudice Garcia by delaying trial and significantly increasing litigation costs. This factor weighs heavily against extending the discovery deadline.

The fourth factor concerns the availability of a continuance to cure any prejudice. Although a continuance is always an option, I do not see how that favors a finding of good cause. To grant a continuance in this matter would, in effect, reward Shell for its unexplained delay in seeking an IME.

After considering all four factors, I conclude that Shell has failed to establish good cause for modifying the discovery deadline to allow an IME. Shell's request for an IME is denied.

SIGNED this __26th__ day of August 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE